

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100713 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | |
| | ) | |
| JOHN L. DAILEY, | ) | Honorable Margaret M. Neill |
| | ) | |
| Defendant/Appellant. | ) | Filed: December 9, 2014 |

### Introduction

John L. Dailey (Appellant) appeals from the trial court's judgment entered upon a jury verdict convicting him of first-degree murder, Section 565.020,[1] first-degree assault, Section 565.050, and two counts of armed criminal action, Section 571.015. We affirm in part, and reverse and remand in part.

### Factual and Procedural Background

The evidence adduced at trial, viewed in the light most favorable to the verdict, is as follows.

On September 21, 2011, at approximately 10:30 p.m., Ashley McLarty (McLarty) was driving south on North Broadway. Christopher Jones (Jones) was riding in the front passenger seat of McLarty's vehicle. At the intersection of North Broadway and Wall Street, Appellant, driving a pickup truck, pulled out from Wall Street, past the stop sign

---

[1] All statutory references are to RSMo 2006, unless otherwise indicated.

and part of the way into Broadway.  McLarty swerved to avoid being struck, stopped, and then yelled, "Slow down."  After driving away, McLarty noticed the pickup truck coming behind her as if it was going to ram the back of her car.  While McLarty was stopped at a stop sign at the intersection of Hornsby and North Broadway, Appellant stopped next to her car and both parties rolled down their windows.  Appellant said "wasn't nobody gonna hit your car[,]" to which McLarty responded "watch where the f--- you goin'."  Appellant then pulled out a gun and said "shut up, bitch or I'll shoot you."  McLarty drove off.

McLarty testified she did not hear any gun shots but that Jones said, "He shot me."  McLarty pulled over to the side of the road and Appellant sped off past them.  Jones opened the passenger side door, fell out of the car and onto the ground.  Jones died from a single gunshot wound to the chest from a .40 caliber handgun.  It was later determined that the bullet went through the rear driver's side window of McLarty's vehicle and through the driver's seat before striking Jones in the back.

Adrian Mason (Mason) testified that on September 21, 2011, at approximately 10:30 p.m., he was driving north on North Broadway.  He was stopped at the intersection of Hornsby and North Broadway when he saw two vehicles, one of them a GMC pickup truck with a black front end, stopped at the intersection facing south.  Mason saw a flash of light and then the pickup truck drove toward him, forcing Mason to swerve off the road and onto the curb in order to avoid the truck.  Mason was not able to see the driver.  Mason testified the other vehicle pulled over and he made a U-turn to pull behind the car.  Mason saw a woman run toward the passenger side, open the door, and a man fall out of

2

the car.  Mason drove to his workplace, about a block away, and alerted security, who called the police.

On September 29, 2011, McLarty was hanging out with some people near the intersection of Hornsby and North Broadway when she saw Appellant driving the pickup truck down Hornsby.  Jones's brother, who was present, got into his car, followed the truck and obtained its license plate number.  McLarty called and left a message with this information for homicide Detective Scott Sailor (Detective Sailor).  On October 3, 2011, McLarty saw the truck again, this time parked outside of a home on Claxton, information she again forwarded to Detective Sailor.

 Detective Sailor testified McLarty directed him to 5481 Claxton, located approximately a quarter of a mile from the intersection of Hornsby and North Broadway, and gave him the license plate number she had obtained.  Sailor's research indicated Appellant owned the truck.  McLarty subsequently identified Appellant as the shooter in a photo spread and in a physical lineup.  Appellant's truck, a 1991 GMC pickup with a dark blue passenger door and right front quarter panel, was impounded.  Both Mason and McLarty identified Appellant's vehicle as the one involved in the September 21 incident.

Appellant presented an alibi defense, asserting he had taken his children out to dinner that evening, returning home with them between 10:30 and 11:00 p.m.  Appellant also asserted he had a white refrigerator in the bed of his truck on the day in question.

The State charged Appellant, as a prior offender, with first-degree murder (Count I), first-degree felony assault (Count III), and two counts of armed criminal action (Counts II and IV).  At the close of the evidence, the jury found Appellant guilty on all four counts.  The court sentenced Appellant to life without the possibility of parole on

3

Count I and 20 years' imprisonment on each of the remaining counts, all sentences to run concurrently.  This appeal follows.

## Discussion

### Point I – Sufficiency of the Evidence

In his first point on appeal, Appellant argues the trial court erred in overruling his motion for judgment of acquittal and sentencing him for first-degree murder because there was insufficient evidence as a matter of law from which a reasonable juror could have found beyond a reasonable doubt the element of deliberation required for the offense.

On review of a challenge to the sufficiency of the evidence supporting a criminal conviction, this Court determines whether there was sufficient evidence from which a reasonable juror could find the defendant guilty beyond a reasonable doubt.  State v. Jordan, 181 S.W.3d 588, 592 (Mo. App. E.D. 2005).  In determining whether sufficient evidence supports the jury's verdict, this Court considers the evidence, and the reasonable inferences drawn therefrom, in the light most favorable to the verdict, disregarding all contrary evidence and inferences.  Id.  If the State fails to produce sufficient evidence of each element of the offense, we must reverse the trial court's judgment.  Id.  It is the jury's duty to assess the reliability, credibility, and weight of the witness's testimony.  State v. Giles, 949 S.W.2d 163, 166 (Mo. App. W.D. 1997).

A person commits first-degree murder when he "knowingly causes the death of another person after deliberation upon the matter."  Section 565.020.1.  Deliberation is defined as "cool reflection for any length of time no matter how brief[.]"  Section 565.002(3).  Deliberation occurs when the actor has time to think and intends to kill the

4

victim for any period of time, no matter how short. State v. Hudson, 154 S.W.3d 426, 429 (Mo. App. S.D. 2005). Deliberation may be inferred from the circumstances surrounding the crime. Id. A lack of concern for and a failure to attempt to aid the victim supports an inference of deliberation. State v. Moore, 949 S.W.2d 629, 633 (Mo. App. W.D. 1997).

Appellant asserts the State failed to present sufficient evidence supporting a finding of deliberation, arguing the evidence only supports a finding that Appellant was acting under the influence of a violent passion suddenly aroused by the traffic dispute and ensuing argument. We disagree.

After almost colliding with McLarty's vehicle, McLarty shouted at Appellant to "slow down." This prompted Appellant to aggressively pursue McLarty and instigate an argument. After doing so, Appellant brandished a gun and threatened to shoot McLarty, prompting McLarty to try to drive away. Although McLarty was fleeing, Appellant fired a shot into McLarty's car, killing Jones. As McLarty pulled over to aid Jones, Appellant sped away without providing Jones any aid or seeking any assistance.

In sum, Appellant pursued the victims, made verbal and physical threats against them, shot at them while they fled, and then sped away leaving Jones for dead. These actions provided the jury with sufficient evidence of deliberation. We find the State produced sufficient evidence from which a reasonable trier of fact could find Appellant guilty beyond a reasonable doubt of first-degree murder. Appellant's Point I is denied.

<u>Point II – Sentence for First-Degree Assault</u>

In his second point on appeal, Appellant maintains the trial court plainly erred in sentencing him to a term of years for the class B felony of assault in the first-degree that

5

exceeded the maximum term of imprisonment for a class B felony, and that this unauthorized sentence violated Appellant's substantial rights and resulted in manifest injustice. The State concedes the point and we agree.

To obtain relief under the plain-error rule, a defendant must demonstrate that the trial court committed an evident, obvious, and clear error that substantially affected his rights, resulting in manifest injustice or a miscarriage of justice. State v. Greer, 348 S.W.3d 149, 153-54 (Mo. App. E.D. 2011); Rule 30.20.[2] "An unauthorized sentence affects substantial rights and results in manifest injustice." Greer, 348 S.W.3d at 154. It is plain error for the trial court to impose a sentence in excess of that authorized by law. Id.

Appellant was charged with and convicted of first-degree assault, a Class B felony as a prior offender. Section 565.050. Appellant was not charged as a persistent offender, which would have authorized a Class A felony sentence with a 10- to 30-year term of imprisonment. Sections 558.016.7(2) and 558.011.1(1). The authorized term of imprisonment for a class B felony is "a term of years not less than five years and not to exceed fifteen years[.]" Section 558.011.1(2). Because the maximum sentence Appellant could have received was 15 years' imprisonment, the trial court plainly erred when it imposed a sentence of 20 years' imprisonment on Count III for first-degree assault.

We reverse the trial court's judgment with respect to Appellant's sentence for Count III, first-degree assault, and remand with instructions for the trial court to resentence Appellant in accordance with our holding. In all other respects, we affirm the trial court's judgment.

---

[2] All rule references are to Mo. R. Crim. P. 2012.

<u>Conclusion</u>

The judgment of the trial court is affirmed in part, and reversed and remanded in part for further proceedings consistent with this opinion.

_____
Sherri B. Sullivan, P.J

Mary K. Hoff, J., and
Philip M. Hess, J., concur

7