

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| FREDERICK BARNES, | ) | No. ED101127 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Thomas J. Frawley |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED:  February 10, 2015 |

### Introduction

Appellant Frederick Barnes ("Barnes") appeals from the judgment of the motion court denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing.  A jury convicted Barnes of one count of murder in the first degree, and the trial court sentenced Barnes to life in prison without the possibility of probation or parole.  This Court affirmed Barnes's conviction and sentence on direct appeal in State v. Barnes, 384 S.W.3d 298 (Mo. App. E.D. 2012).  Barnes then timely filed a rule Rule 29.15 motion for post-conviction relief alleging, *inter alia*, that appellate counsel was ineffective for failing to raise on direct appeal that the trial court improperly applied Batson[2] and its progeny when it ruled that two of Barnes's peremptory strikes were racially motivated and returned the veniremembers to the venire panel.  The motion

---

[1] All rule references are to Mo. R. Crim. P. (2013).
[2] Batson v. Kentucky, 476 U.S. 79 (1986).

court denied Barnes's motion without an evidentiary hearing. Because Barnes's Rule 29.15 motion failed to allege facts which, if true, would warrant relief, we affirm the judgment of the motion court.

## Factual and Procedural Background

Barnes was charged with murder in the first degree and twelve other charges for an incident occurring on September 29, 2007. When the State of Missouri ("State") filed a notice of intent to seek the death penalty on the murder charge, Barnes moved to have the murder charge tried separately pursuant to Section 565.004.[3] The trial court granted Barnes's motion and proceeded to trial on the murder charge separately.

Voir dire was conducted in two stages. Punishment voir dire, commonly called "death qualification," was conducted first, followed by standard voir dire. Prior to the start of punishment voir dire, the trial court divided the venire panel into nine groups and directed each veniremember to fill out a questionnaire to assist in the voir dire process. Both the State and defense counsel then asked questions designed to determine the ability of the veniremembers to consider both available sentencing options – the death penalty and life without parole – in the event that the jury returned a verdict of guilty of first-degree murder. Standard voir dire examination of the entire venire panel followed punishment voir dire, and the parties then proffered their strikes for cause and peremptory strikes.

The State lodged a Batson challenge to all nine of Barnes's peremptory strikes on the ground that all of the stricken veniremembers were Caucasian. After hearing argument from defense counsel that the veniremembers were struck due to their support for the death penalty, the trial court granted the Batson challenge as to two of the veniremembers and returned them to the venire panel. Defense counsel objected to the trial court's ruling, explaining that the trial

---

[3] All statutory references are to RSMo (2000).

2

court was forcing upon Barnes two jurors whom the defense had determined were more likely to assess the death penalty:

> Those two jurors were both rated higher in our assessment on their death penalty views. . . . And by disallowing these strikes basically the Court will be requiring us to exercise strikes on jurors who in our assessment have been more favorable with respect to punishment. And we would end up seating jurors with better views on penalty and keeping jurors with worse views on penalty, which is first and foremost the decision that we make in making our strikes in a death penalty case.

The trial court reaffirmed its ruling, and at that point defense counsel decided to waive any further strikes. The two veniremembers whom defense counsel wished to strike were ultimately on the jury that heard Barnes's case.

The jury found Barnes guilty of first-degree murder but was unable to agree on punishment. The trial court sentenced Barnes to life in prison without the possibility of probation or parole. On December 20, 2012, this Court affirmed Barnes's conviction and sentence on direct appeal in State v. Barnes, 384 S.W.3d 298 (Mo. App. E.D. 2012).

On February 22, 2013, Barnes filed a *pro se* motion for post-conviction relief under Rule 29.15. Appointed counsel filed an amended motion alleging, *inter alia*, that appellate counsel was ineffective for failing to raise a claim on direct appeal that the trial court improperly applied Batson and its progeny when it ruled that defense counsel's two peremptory strikes were racially motivated. The motion court denied the claim without an evidentiary hearing, finding that Barnes failed to allege prejudice in his motion. Citing State v. Letica, 356 S.W.3d 157 (Mo. banc 2011), the motion court explained that an erroneous ruling on a reverse-Batson challenge[4] is not prejudicial in the absence of a showing that the error resulted in an unqualified person serving on the jury. Because Barnes did not allege that the two veniremembers at issue were

---

[4] A "reverse-Batson" challenge is a Batson challenge made by the State in response to a defendant's allegedly purposeful discrimination on the grounds of race, gender, or ethnic origin in the exercise of peremptory strikes. Letica, 356 S.W.3d at 164.

3

unqualified, the motion court concluded that Barnes failed to allege prejudice and was therefore not entitled to an evidentiary hearing or relief on his claim. This appeal follows.

## Point on Appeal

In his sole point on appeal, Barnes alleges that the motion court erred in denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing because he alleged facts that warranted relief and were not clearly refuted by the record. Specifically, Barnes asserts that appellate counsel was ineffective in failing to raise a claim on direct appeal that the trial court improperly applied Batson and its progeny when it determined that two of his peremptory strikes were racially motivated and returned those two veniremembers to the venire panel. Barnes argues that had appellate counsel raised this issue on direct appeal, this Court would have reversed his conviction and sentence.

## Standard of Review

We review a judgment entered on a Rule 29.15 motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010).

To be entitled to an evidentiary hearing on a claim brought for post-conviction relief, a movant must (1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts alleged must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). An evidentiary hearing is not required if the files and records of the case conclusively show that movant is entitled to no relief. Id.

4

To prevail on a claim of ineffective assistance of appellate counsel, a movant must establish that appellate counsel failed to raise a claim of error that was so obvious that a competent and effective attorney would have recognized and appealed the issue. Tisius v. State, 183 S.W.3d 207, 215 (Mo. banc 2006). The claimed error must have been sufficiently serious so as to create a reasonable probability that, if the issue had been raised on direct appeal, it would have required reversal. Id.

In this case, Barnes asserts that the trial court erred in misapplying Batson and its progeny when ruling on the State's reverse-Batson challenge. In essence, Barnes argues that the trial court improperly placed the burden on defense counsel to persuade the court that its peremptory strikes were *not* racially motivated, when the law clearly places the burden on the opponent of the strike to prove that the strikes are in fact racially motivated. Barnes alleges that the trial court's error was obvious from the record and a reasonably competent appellate attorney would have recognized and briefed the issue on direct appeal. Had the issue been briefed, Barnes argues this Court would have reversed and remanded for a new trial. We disagree.

In Letica, the Missouri Supreme Court found an erroneous ruling on a reverse-Batson challenge to be harmless error where the ruling "merely resulted in the empaneling of an otherwise-qualified juror." Letica, 356 S.W.3d at 166. In that case, the appellant failed to allege or demonstrate that the veniremember at issue was biased or otherwise unqualified to serve on the jury. Therefore, the Court found that the appellant was not prejudiced by the trial court's error in denying the peremptory strike. Id. We agree with the motion court that Letica applies here and is dispositive of Barnes's claim. Barnes made no contention in his amended Rule 29.15 motion that either of the two veniremembers at issue was unqualified to serve on the jury. Because Barnes did not allege in his motion for post-conviction relief that either veniremember

5

was unqualified, Barnes cannot maintain a claim that he suffered prejudice as a result of the trial court's application of Batson.[5] See id. We note, however, that the fact that the two jurors survived strikes for cause indicates that they could be fair and impartial and were thus qualified to serve on the jury. See State v. Pointer, 215 S.W.3d 303, 307-08 (Mo. App. W.D. 2007). Moreover, the record suggests that Barnes's concern with regard to the two veniremembers focused not on their qualification to act as impartial and fair jurors, but on their views as to the imposition of the death penalty, which ultimately was not imposed on Barnes. Therefore, even if Barnes had properly alleged prejudice, we would nonetheless conclude that Barnes was not prejudiced by the trial court's application of Batson.

Because Barnes failed to allege facts that, if true, would warrant relief, he was not entitled to an evidentiary hearing or any relief on his claim of ineffective assistance of appellate counsel. Point denied.

Conclusion

The motion court did not clearly err in denying Barnes's Rule 29.15 motion without an evidentiary hearing. The judgment of the motion court is affirmed.

_Kurt S. Odenwald, Presiding Judge_

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

---

[5] As it is not necessary to the resolution of Barnes's point on appeal, we do not decide whether the trial court committed any error in its application of Batson.