Elex L. MURPHY, Appellant,

v.

STATE of Missouri, Respondent.

ED 103743

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR**.

Filed: March 7, 2017

Maleaner R. Harvey, St. Louis, MO, for Appellant.

Joshua D. Hawley, Shaun Mackelprang, Jefferson City, MO, for Respondent.

Gary M. Gaertner, Jr., Judge

Introduction

Elex L. Murphy (Movant) appeals the motion court's denial of his motion for post-conviction relief under Rule 29.15[1] after an evidentiary hearing. He argues the motion court clearly erred in failing to find his trial counsel and his appellate counsel ineffective. We affirm.

1. All rule references are to Mo. R. Crim. P. (2014) unless otherwise indicated.

## Background

In 2013, Movant was convicted by a jury of one count of second-degree murder, one count of first-degree assault, and two counts of armed criminal action (ACA). His convictions arose out of an incident in which he punched two victims in the head, a married couple ages 79 and 59. The older victim, Hoang Nguyen (Mr. Nguyen) died at the hospital shortly after this incident. His wife, Yen Nguyen (Mrs. Nguyen), had a broken bone and three stitches near her right eye. Movant punched these two victims as part of a "knockout game," in which participants find someone to punch and try to knock that person out with one punch. The trial court sentenced Movant to concurrent terms of life and 15 years for second-degree murder and the accompanying ACA charge, respectively, to run consecutively with concurrent terms of 25 years and 12 years for first-degree assault and the accompanying ACA charge, respectively.

Movant appealed his convictions, and this Court reversed the ACA convictions because Movant committed the crimes using only his fist, and a fist is not a "dangerous instrument" under the ACA statute. State v. Murphy, 443 S.W.3d 721, 725 (Mo. App. E.D. 2014). This Court affirmed Movant's convictions and sentences for second-degree murder and first-degree assault. Id. at 728.

Movant timely filed a motion for post-conviction relief under Rule 29.15, and subsequently an amended motion through counsel, raising several claims of ineffective assistance of trial counsel and appellate counsel. The motion court held an evidentiary hearing on the claims in Movant's motion. After the hearing, the motion court found that Movant failed to establish by a preponderance of the evidence that he was entitled to relief. This appeal follows.

## Standard of Review

■ Our review of the denial of a Rule 29.15 motion is limited to the determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); Gehrke v. State, 280 S.W.3d 54, 56 (Mo. banc 2009). Findings and conclusions are clearly erroneous when the appellate court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made. Id.

■ In order to be entitled to relief on Movant's claims of ineffective assistance of counsel, Movant had to make two showings by a preponderance of the evidence: (1) that counsel's performance fell below the level of skill and diligence of a reasonably competent counsel in a similar situation, and (2) that Movant was prejudiced thereby. Johnson v. State, 388 S.W.3d 159, 163 (Mo. banc 2012) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); see also Evans v. State, 70 S.W.3d 483, 485 (Mo. App. W.D. 2002) (test for ineffective assistance of appellate counsel is "essentially the same as that employed for trial counsel"). There is a strong presumption that Movant's counsel's performance was reasonable and effective. Id. If Movant fails to demonstrate either counsel's ineffective performance or prejudice, we need not consider the other. Smith v. State, 276 S.W.3d 314, 317 (Mo. App. E.D. 2008).

## Discussion

Movant raises four points on appeal. In Points I and II, he argues that the motion court clearly erred in failing to find his trial counsel ineffective. He argues in Point I that trial counsel ineffectively failed to request a lesser-included instruction for assault in the second degree, and in Point II, that trial counsel failed to object when the prosecutor stated during

closing argument that Movant cried during Mrs. Nguyen's testimony because "he knows he's responsible for the pain and suffering." Points III and IV involve appellate counsel's performance. In Point III, Movant argues the motion court clearly erred in failing to find his appellate counsel ineffective for choosing not to argue on appeal that there was insufficient evidence on the record from which the jury could find Movant guilty of second-degree murder. Finally, in Point IV, Movant argues his appellate counsel was ineffective for failing to argue on appeal that the trial court erred in refusing Movant's proffered lesser-included instruction on voluntary manslaughter.

## Point I

■ Movant argues the motion court clearly erred in denying Movant's Rule 29.15 motion because he established that his trial counsel was ineffective for failing to request the lesser-included instruction of assault in the second degree. We disagree.

At the evidentiary hearing before the motion court, Movant's trial counsel testified that she did not request an instruction for second-degree assault at trial because she did not think the trial court would give the instruction. Trial counsel explained that because Mrs. Nguyen's injuries were serious and because the evidence showed Movant punched Mrs. Nguyen intentionally, counsel "didn't think that could be reasoned down to recklessness." The motion court found this explanation reasonable in light of the evidence and in light of the law at the time of trial.

■ To establish his claim of ineffective assistance of counsel for failure to request a lesser-included offense instruction, Movant had to show by a preponderance of the evidence that the evidence at trial would have required submission of a lesser-included offense instruction had counsel requested it, that counsel's decision not to request the instruction was not reasonable trial strategy, and that Movant was prejudiced by counsel's failure. Jackson v. State, 205 S.W.3d 282, 285 (Mo. App. E.D. 2006). Regarding whether the evidence at trial would have required submission of an instruction for second-degree assault had Movant's trial counsel requested it, the trial court is obligated to instruct the jury on a lesser-included offense when there is a basis in the evidence for both acquitting the defendant of the charged offense and convicting the defendant of the lesser-included offense, and a party timely requests such an instruction. State v. Jackson, 433 S.W.3d 390, 396 (Mo. banc 2014) (discussing Section 556.046.3, RSMo. (Supp. 2001)).

■ Recently, the Missouri Supreme Court handed down State v. Jackson, holding that "the jury's right to disbelieve all or any part of the evidence and its right to refuse to draw needed inferences is a sufficient basis in the evidence—*by itself*—for a jury to conclude that the State has failed to prove the differential element." 433 S.W.3d at 399 (emphasis added). Thus, where a lesser-included instruction is for a "nested" offense, such as where the differential element is the defendant's mental state, no additional evidence is needed because the jury could reject the State's evidence regarding the defendant's mental state. See State v. Randle, 465 S.W.3d 477, 479 (Mo. banc 2015) (applying Jackson). The Missouri Supreme Court noted that lesser-included instructions for nested offenses should be "nearly universal." Jackson, 433 S.W.3d at 399.

The issue here is that Movant's trial took place before the Missouri Supreme Court handed down Jackson. Movant argues that Jackson merely reaffirmed prior holdings and did not effect a change in the

law. See Jackson, 433 S.W.3d at 399 (stating court reaffirms holdings of State v. Williams, 313 S.W.3d 656 (Mo. banc 2010) and State v. Pond, 131 S.W.3d 792 (Mo. banc 2004), for proposition that jury's right to disbelieve evidence is sufficient basis to warrant lesser-included instruction). Thus, Movant argues, had counsel requested an instruction for second-degree assault, the trial court would have been obligated to give it.

However, the State points out that the Missouri Supreme Court at the same time acknowledged that prior holdings had not explicitly overruled an earlier case with the opposite holding, State v. Olson, 636 S.W.2d 318, 321 (Mo. 1982) (holding jury's right to disbelieve evidence is not sufficient to warrant giving lesser-included instruction). Jackson, 433 S.W.3d at 399. In fact, appellate courts declined to find error in a trial court's refusal to give a proffered lesser-included instruction where the differential element was whether the defendant's conduct was intentional or reckless when there was no evidence from which the jury could have drawn an inference of reckless conduct. See State v. Jefferson, 414 S.W.3d 82, 86–87 (Mo. App. E.D. 2013) (no basis in evidence to draw inference that defendant acted recklessly); State v. Knight, 355 S.W.3d 556, 559–60 (Mo. App. S.D. 2011) (no evidence of mental disease or defect negating defendant's knowing conduct, accordingly no evidence of reckless conduct); see also, e.g., State v. Pulley, 356 S.W.3d 187, 193–94 (Mo. App. E.D. 2011) (defendant not entitled to instruction for involuntary manslaughter where no evidence permitting jury to draw inference of reckless conduct rather than knowing conduct).

Given the state of the case law and Movant's counsel's testimony at the evidentiary hearing, we cannot conclude that the motion court clearly erred in denying Movant's claim that his counsel failed to exercise the skill and diligence of a reasonably competent attorney in similar circumstances. See Johnson, 388 S.W.3d at 163. There was no evidence from which the jury could have inferred Movant acted recklessly when the evidence established Movant purposely hit Mr. Nguyen in order to knock him out with one punch, and then turned and hit Mrs. Nguyen in the face when she started screaming. Movant's trial counsel acted on the basis of the appellate holdings in effect at the time, and her performance is judged on that basis. See Denson v. State, 31 S.W.3d 166, 175–76 (Mo. App. W.D. 2000) (failure to predict change in law is not ineffective assistance). Thus, Movant failed to demonstrate his trial counsel was ineffective in this respect. Point denied.

## Point II

■ Movant argues the motion court clearly erred in denying his claim that his trial counsel was ineffective for failing to object and to request a mistrial when the prosecutor stated during closing argument that Movant cried during Mrs. Nguyen's testimony because "he knows he's responsible for the pain and suffering" to Mrs. Nguyen. We disagree.

■ "Decisions about whether or when to make objections at trial are left to the judgement of counsel." Helmig v. State, 42 S.W.3d 658, 678 (Mo. App. E.D. 2001). Even a failure to object to objectionable evidence will not render counsel ineffective "unless the evidence resulted in a substantial deprivation of the accused's right to a fair trial." Id. Movant must put forth evidence that he was deprived of a fair trial in order to be entitled to relief. Greer v. State, 406 S.W.3d 100, 105 (Mo. App. E.D. 2013). "Ineffective assistance of counsel is rarely found in cases where trial counsel has failed to object." Bradley v.

State, 292 S.W.3d 561, 564 (Mo. App. E.D. 2009).

Here, in closing argument, the prosecutor made the following remarks:

Probably noticed that [Movant] cried when Mrs. Nguyen testified, because you're looking right at him and we're not even 20 feet apart. He should cry, he knows what he did. He knows he's responsible for the pain and suffering that he saw when she testified about being in the hospital with her dying husband. He knows exactly what he did.

Movant argues this was improper argument, intended to inflame the jury and prejudice it against Movant. At the evidentiary hearing, Movant's counsel testified that she "missed" this argument, and had she heard it she would have objected and requested a mistrial. The motion court concluded that the prosecutor's statement regarding Movant's conduct, which had been within sight of the jury, did not have a decisive effect on the outcome of the case.

The motion court did not clearly err in denying Movant relief on this claim. While Movant presented evidence that trial counsel's failure to object was not a strategic choice, he presented no evidence that this failure deprived him of a fair trial. Movant has not established the trial court would have granted a mistrial had counsel requested it. Further, because the prosecutor's comment here was directed to something the jurors had observed themselves in open court, and invited the jury to consider that it showed Movant's consciousness of guilt, this argument was not improper. See State v. Smith, 588 S.W.2d 27, 33 (Mo. App. E.D. 1979) (trial court did not err in denying defendant's motion for mistrial where prosecutor noted in closing argument that defendant buried his face in his hands during jury's viewing of videotaped statement). Movant failed to show

by a preponderance of the evidence that his trial counsel was ineffective and that he was prejudiced in this respect. Point denied.

## Point III

Movant argues in Point III that the motion court clearly erred in denying his Rule 29.15 motion because his appellate counsel was ineffective for failing to raise on appeal a claim that there was insufficient evidence from which the jury could have found Movant guilty of second-degree murder. We disagree.

"To prevail on a claim of ineffective assistance of appellate counsel, a movant must establish that appellate counsel failed to raise a claim of error that was so obvious that a competent and effective attorney would have recognized and appealed the issue." Barnes v. State, 454 S.W.3d 396, 399 (Mo. App. E.D. 2015) (citing Tisius v. State, 183 S.W.3d 207, 215 (Mo. banc 2006)). The claimed error must be such that there is a reasonable probability that had the error been raised on appeal, it would have required reversal. Id.

Movant argues that his appellate counsel should have argued on appeal that the evidence was insufficient from which the jury could have found that Movant had the requisite mental state. "A person commits the crime of murder in the second degree if he ... [k]nowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person." Section 565.021.1(1), RSMo. (2000). In considering the sufficiency of evidence on appeal, the appellate court "views the evidence in the light most favorable to the verdict and gives the State the benefit of all reasonable favorable inferences therefrom." State v. Whalen, 49 S.W.3d 181, 184 (Mo. banc 2001). Movant's

appellate counsel testified at the evidentiary hearing that he did not contest the sufficiency of the evidence for second-degree murder on appeal because he did not believe, given the standard of review, that he could "convincingly present a claim that no reasonable juror could have found" the elements of second-degree murder.

The motion court concluded that the evidence at Movant's trial was sufficient to support his conviction for second-degree murder. There was evidence that Movant had told his friends he would knock out the next person to pass by, which was Mr. Nguyen. Mr. Nguyen was 72 years old, five feet, five inches tall, and weighed 148 pounds. As Mr. and Mrs. Nguyen passed by Movant, Movant grabbed Mr. Nguyen's shirt and hit him in the head. Mr. Nguyen immediately fell to the ground. A defendant's mental state can be inferred from evidence of the defendant's conduct before, during, and after commission of the crime. State v. Holleran, 197 S.W.3d 603, 611 (Mo. App. E.D. 2006). Here, there was evidence that Movant intended to knock out the next person he saw, indicating Movant would hit that person with significant force in order to knock the person out with one punch. Additionally, upon seeing the elderly Mr. Nguyen, Movant still chose to carry out that plan.

Given all of this, there was sufficient evidence at trial from which the jury could infer that Movant hit Mr. Nguyen with the purpose of causing serious physical injury. Thus, had Movant's appellate counsel raised this issue on appeal, there is no reasonable probability it would have required reversal. Barnes, 454 S.W.3d at 399. The motion court did not clearly err in denying Movant's motion in this respect. Point denied.

## Point IV

In his final point, Movant argues the motion court clearly erred in denying his Rule 29.15 motion because he established his appellate counsel was ineffective for failing to argue on appeal that the trial court erred in refusing his proffered instruction on second-degree involuntary manslaughter as a lesser-included offense to second-degree murder. We disagree.

Movant's appellate counsel testified at the hearing that he did not believe raising such a claim would be meritorious because the trial court had given an instruction for involuntary manslaughter in the first degree, and the jury had still convicted Movant of second-degree murder. "The failure to give a different lesser-included offense instruction is neither erroneous nor prejudicial when instructions for the greater offense and *one* lesser-included offense are given and the defendant is found guilty of the greater offense." State v. Johnson, 284 S.W.3d 561, 575 (Mo. banc 2009) (citing State v. Glass, 136 S.W.3d 495, 515 (Mo. banc 2004)).

In State v. Meine, this Court considered this precedent in light of State v. Jackson. This Court held that, though error, the trial court's failure to instruct the jury regarding a *second* lesser-included offense did not prejudice the defendant where the trial court had instructed the jury on one lesser-included offense, yet the jury convicted the defendant of the greater offense. 469 S.W.3d 491, 496–97 (Mo. App. E.D. 2015) (citing Johnson, 284 S.W.3d at 575–76). This Court found Jackson distinguishable because there, the trial court had not given any instructions on lesser-included offenses. In Meine, the trial court had instructed the jury on both first-degree murder, requiring the jury to find the defendant acted knowingly, and first-degree involuntary manslaughter, requiring a finding of reckless conduct, and the jury convicted the defendant of first-degree murder. 469 S.W.3d at 494. Under the

circumstances, Jackson notwithstanding, the defendant was not prejudiced by the trial court's refusal to instruct the jury on second-degree involuntary manslaughter, which would have required a finding of negligent conduct.

Here, in addition to the fact that State v. Jackson had not been handed down at the time of Movant's trial, Movant is similarly unable to show prejudice. The trial court instructed the jury on both second-degree murder and involuntary manslaughter in the first degree. The jury convicted Movant of second-degree murder, finding he acted with the purpose to cause serious physical injury, rather than recklessly. Movant was not prejudiced by the trial court's failure to give the jury the option of finding Movant acted negligently when they found purposeful conduct over reckless conduct. Thus, had Movant's appellate counsel raised this issue, it would not have been meritorious. See Wilson v. State, 383 S.W.3d 51, 52 (Mo. App. E.D. 2012) (appellate counsel not ineffective for failing to appeal nonmeritorious point). The motion court did not clearly err in denying Movant's motion in this respect. Point denied.

### Conclusion

Movant failed to establish by a preponderance of the evidence that either his trial counsel or his appellate counsel was ineffective and thereby prejudiced him. The motion court did not clearly err in denying Movant's Rule 29.15 motion. The motion court's judgment is affirmed.

James M. Dowd, P.J., concurs.

Kurt S. Odenwald, J., concurs.