**STATE of Missouri, Respondent,**

v.

**Lonnie L. BROWN, Appellant.**

**No. SC 95430**

Supreme Court of Missouri, en banc.

Opinion issued July 11, 2017

1. This would necessarily result in affirming the corresponding armed criminal action con- viction.

Brown was represented by Ellen H. Flottman and Amy M. Bartholow of the public defender's office in Columbia, (573) 777-9977.

The state was represented by Shaun J. Mackelprang of the attorney general's office, (573) 751-3321.

Patricia Breckenridge, Judge

Lonnie Brown appeals from a judgment convicting him of one count of assault in the first degree, section 565.050,[1] and one count of armed criminal action, section 571.015. The trial court sentenced Mr. Brown to concurrent terms of 15 years imprisonment on each count. In addition to first degree assault and armed criminal action, the trial court instructed the jury on the lesser included offense of second degree assault, section 565.060.[2] Mr.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. Section 565.060, second degree assault, and 565.070, third degree assault, were amended effective January 1, 2017, and transferred to section 565.052 and section 565.054, respectively, in 2014. The amended statutes do not apply in this case because Mr. Brown's alleged criminal conduct occurred prior to the statutory amendments.

Brown asserts the trial court committed reversible error by refusing his timely and properly proffered instruction on an additional lesser included offense, assault in the third degree, section 565.070. Mr. Brown also claims the trial court erred by overruling his request for a mistrial after a witness volunteered that Mr. Brown was previously incarcerated and by refusing his offer of proof regarding a witness's juvenile and municipal arrest records. Because the trial court committed instructional error in failing to instruct the jury on the lesser included offense of third degree assault as requested by Mr. Brown and that error was prejudicial, Mr. Brown's conviction for first degree assault and the corresponding armed criminal action conviction are reversed. The cause is remanded.

### Factual and Procedural Background

On August 6, 2012, Mr. Brown went to Dylan Whitehead's apartment, knocked on the door, and requested that Mr. Whitehead step outside. Mr. Whitehead recognized Mr. Brown, who was a former neighbor, and followed him down a flight of stairs while Mr. Brown spoke on a cellular telephone. While walking down the stairs, Mr. Brown pulled a gun out of his pants. As they reached an exterior door, Mr. Whitehead heard Mr. Brown tell the person on the phone, "I want you to hear this." Mr. Brown then turned, pointed the gun at Mr. Whitehead, and fired.

Mr. Whitehead stumbled and fell as he ran back into the apartment building, believing he had been shot. He had a hole in his shirt and a graze on his back. A medical examiner later testified Mr. Whitehead was injured when he fell against the door, which had been cut into by the bullet. Mr. Whitehead viewed a photo lineup and identified Mr. Brown as the shooter. He also identified a truck registered to Mr. Brown as being parked at the scene. The state charged Mr. Brown, as a persistent offender, with assault in the first degree and armed criminal action.

The trial court instructed the jury on first degree assault, the lesser included offense of second degree assault, and armed criminal action. Consistent with section 565.050.1, the first degree assault instruction asked the jury to determine whether Mr. Brown "attempted to kill or cause serious physical injury to Dylan Whitehead by shooting at him." Consistent with section 565.060.1(2), the second degree assault instruction asked the jury to determine whether Mr. Brown "attempted to cause physical injury to Dylan Whitehead by means of a deadly weapon by shooting at him." Both instructions provided a person "attempts" to cause a certain result when they act "with the purpose" of causing that result.

The trial court refused Mr. Brown's timely and properly proffered instruction for third degree assault. Consistent with section 565.070.1(4), Mr. Brown's third degree assault instruction would have required the jury to determine whether Mr. Brown "recklessly created a grave risk of death or serious physical injury to Dylan Whitehead by shooting at him." The jury convicted Mr. Brown of first degree assault and armed criminal action. The trial court sentenced Mr. Brown on each offense to a term of 15 years imprisonment and ordered the sentences to be served concurrently.

Mr. Brown appealed. This Court granted transfer following an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

### Error in Refusing to Instruct on Third Degree Assault

█ Mr. Brown asserts the trial court committed reversible error by refusing his timely and properly proffered instruction on the lesser included offense of assault in

the third degree. Mr. Brown argues section 556.046, RSMo Supp. 2002, obligated the trial court to instruct the jury on third degree assault because there was a basis in the evidence to acquit him of the greater offense of first degree assault and to convict him of the lesser offense of third degree assault. Mr. Brown concludes the trial court's instructional error was prejudicial because the second degree assault instructions given at trial did not adequately test the elements of first degree assault.

 The issue of whether a trial court erroneously rejected a proffered lesser included offense instruction is subject to *de novo* review. *State v. Jackson*, 433 S.W.3d 390, 395 (Mo. banc 2014). A trial court's obligation to instruct on lesser included offenses is governed by section 556.046.2 and section 556.046.3, RSMo Supp. 2002. Section 556.046.2, RSMo Supp. 2002, provides, "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense...." Section 556.046.3, RSMo Supp. 2002, further provides:

> The court shall be obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.

Collectively, sections 556.046.2 and 556.046.3, RSMo Supp. 2002, obligate trial courts to give a lesser included offense instruction when: (1) "a party timely requests the instruction," (2) "there is a basis in the evidence for acquitting the defendant of the charged offense," and (3) "there is a basis in the evidence for convicting the defendant of the lesser included

offense for which the instruction is requested." *Jackson*, 433 S.W.3d at 396.

The state concedes the trial court committed instructional error by refusing to instruct the jury on third degree assault as Mr. Brown requested. The state is correct. First, Mr. Brown timely requested a properly drafted third degree assault instruction. Second, as in every case, there is a basis in the evidence to acquit Mr. Brown of the charged offense of first degree assault because the jury is free to disbelieve the evidence. *See Jackson*, 433 S.W.3d at 399; *State v. Randle*, 465 S.W.3d 477, 479 (Mo. banc 2015); *State v. Roberts*, 465 S.W.3d 899, 901 (Mo. banc 2015); *State v. Pierce*, 433 S.W.3d 424, 430 (Mo. banc 2014). Although the parties agree there is a basis in the evidence for convicting Mr. Brown of the lesser included offense of third degree assault, the parties disagree on the analysis supporting that conclusion.

 Mr. Brown asserts there was necessarily a basis in the evidence to convict him of the lesser offense because his proffered third degree assault instruction posited a "nested" lesser included offense of first degree assault. A nested lesser included offense consists of a subset of the elements of the greater offense, rendering it *"impossible to commit* the greater without *necessarily committing"* the nested lesser included offense. *Jackson*, 433 S.W.3d at 404 (emphasis in original). The state asserts that third degree assault, in the instruction Mr. Brown proffered, is not a nested lesser included offense but, rather, is designated a lesser included offense by section 556.046.1(2), RSMo Supp. 2002.

According to Mr. Brown, the only distinction between the instruction on first degree assault that was given and the instruction on third degree assault he proffered was the difference in the mental element—purposeful versus reckless conduct. He further asserts, pursuant to sec-

tion 562.021.4, "When recklessness suffices to establish a culpable mental state, it is also established if a person acts purposely or knowingly." In support of that argument, Mr. Brown cites this Court's finding in *State v. Randle* that third degree assault is a lesser included offense of second degree assault. 465 S.W.3d at 480. In so arguing, Mr. Brown does not take into account the different ways a person can commit third degree assault.[3]

Mr. Brown's proffered instruction submitted assault in the third degree as defined by subparagraph 4 of 565.070.1, which provides a person recklessly engages in conduct that creates a "grave risk" of death or serious physical injury. Mr. Brown's proffered manner of committing third degree assault is not a nested lesser included offense of the charged offense of first degree assault because it does not consist of a subset of the elements of first degree assault. Third degree assault under section 565.070.1(4) requires proof of a "grave risk" of death or serious physical injury, while first degree assault under section 565.050 requires proof of an attempt to kill or cause serious physical injury. It is possible to commit first degree assault by purposefully attempting to kill or cause serious physical injury without also creating the "grave risk" risk of death or serious physical injury necessary to satisfy the elements of third degree assault

under section 565.070.1(4). Third degree assault under section 565.070.1(4) is not a nested lesser included offense of first degree assault because there was not always a basis in the evidence to convict Mr. Brown on the lesser offense. *Jackson*, 433 S.W.3d at 404.

██ As the state concedes, third degree assault is still a lesser included offense because it is specifically denominated as such by statute. Section 556.046.1(2), RSMo Supp. 2002 (offense is an included offense when it is "specifically denominated by statute as a lesser degree of the offense charged"). Therefore, the determination of whether there is a basis in the evidence obligating the court to instruct on third degree assault is based on the evidence in the case. In making this determination, appellate courts view the evidence in the light most favorable to the defendant. *State v. Nutt*, 432 S.W.3d 221, 224 (Mo. App. 2014).

Viewed in the light most favorable to Mr. Brown, there is a basis in the evidence from which the jury could conclude Mr. Brown recklessly created a grave risk of death or serious physical injury because he fired a gun at Mr. Whitehead. Therefore, the trial court committed instructional error by failing to instruct the jury on the lesser included offense of third degree assault.

---

3. Section 565.070.1 provides:
A person commits the crime of assault in the third degree if:
 (1) The person attempts to cause or recklessly causes physical injury to another person; or
 (2) With criminal negligence the person causes physical injury to another person by means of a deadly weapon; or
 (3) The person purposely places another person in apprehension of immediate physical injury; or
 (4) The person recklessly engages in conduct which creates a grave risk of

death or serious physical injury to another person; or
 (5) The person knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative; or
 (6) The person knowingly causes physical contact with an incapacitated person, as defined in section 475.010, which a reasonable person, who is not incapacitated, would consider offensive or provocative.

### Instructional Error Prejudicial

█ Prejudice is presumed when a trial court erroneously refuses to give a properly requested instruction on a nested lesser included offense. *Jackson*, 433 S.W.3d at 395 n.4. The state argues Mr. Brown was not prejudiced by the erroneous failure to instruct on third degree assault because the jury found him guilty of first degree assault. The state cites *State v. Johnson*, 284 S.W.3d 561 (Mo. banc 2009), for the proposition that the erroneous failure to give a requested lesser included offense instruction is not prejudicial when the trial court instructs the jury on the greater offense and one lesser included offense and the jury finds the defendant guilty of the greater offense.

In *Johnson*, the trial court instructed the jury on first and second degree murder. *Id.* at 575-76. The trial court refused to instruct the jury on the defendant's requested instructions for second degree murder without sudden passion and voluntary manslaughter. *Id.* at 575. The jury found the defendant guilty of first degree murder. *Id.* at 567. This Court held the refusal to instruct on additional lesser included offenses "is neither erroneous nor prejudicial when instructions for the greater offense and one lesser-included offense are given and the defendant is found guilty of the greater offense." *Id.* at 575. *Johnson* does not, as the state asserts, stand for a general rule that instructional error is never prejudicial when the defendant is convicted of a greater offense and the trial court instructs on any single lesser included offense. There was no prejudice in *Johnson* because, by finding the defendant guilty of first degree murder and rejecting second degree murder, the "jury [had] already been given an opportunity to reject

the element of deliberation and did not do so." *State v. Glass*, 136 S.W.3d 496, 515 (Mo. banc 2004). In other words, the jury in *Johnson* necessarily and completely rejected the possibility of a conviction on any lesser homicide offense because "the conventional second-degree murder instruction that was given at trial already 'tested' the element of deliberation required for a first-degree murder conviction." *Briggs v. State*, 446 S.W.3d 714, 720 n. 9 (Mo. App. 2014) (citing *Nutt*, 432 S.W.3d at 224-25 (Mo. App. 2014)).

Unlike the second degree murder instruction in *Johnson*, which directly tested the element of deliberation in the greater offense of first degree murder, the second degree assault instruction in this case did not directly test whether Mr. Brown acted purposely. As noted, a person commits first degree assault by attempting to kill or knowingly causing or attempting to cause serious physical injury. Section 565.050.1. The second degree assault instruction was based on section 565.060.1(2), which provides a person commits second degree assault if he or she "[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument[.]" While second degree assault differs from first degree assault in that it does not require proof of an attempt to kill or cause "serious" physical injury and requires proof of the additional element that the assault was committed with a deadly weapon, both offenses require proof the defendant acted knowingly or purposely.

█ After review of the record and having considered the states' arguments, the presumption of prejudice from refusing to give the proper lesser included instruction has not been rebutted.[4] Mr. Brown's prof-

---

4. As noted in *State v. Smith*, No. SC95461, 522 S.W.3d 221 n.7, 2017 WL 2952325 (Mo.

banc 2017) (handed down contemporaneously with this opinion), "[t]he testing of the ele-

fered third degree assault instruction corresponded with section 565.070.1(4), which requires proof the defendant "recklessly" engaged in conduct creating "a grave risk of death or serious physical injury to another person." Therefore, unlike the second degree assault instruction given at trial, Mr. Brown's proffered third degree assault instruction would have required the jury to directly test the proposition Mr. Brown acted purposely by requiring consideration of whether he acted recklessly. Under these circumstances, the trial court's erroneous refusal to give the third degree assault instruction requested by Mr. Brown constitutes reversible error because the elements of first degree assault were not "adequately tested" by the second degree assault instruction. *See State v. Smith,* 522 S.W.3d 221, 2017 WL 2952325 (Mo. banc 2017) (quoting *State v. Frost,* 49 S.W.3d 212, 221 (Mo. App. 2001)); *see also Nutt,* 432 S.W.3d at 225 (the trial court's erroneous refusal to instruct on third degree assault required reversal of a conviction for first degree assault because the elements of first degree assault were not "adequately tested by the second-degree assault instruction").[5]

### Conclusion

The trial court committed instructional error by refusing to instruct the jury on the lesser included offense of third degree assault, as requested by Mr. Brown. The instructional error was prejudicial because, unlike the second degree assault instruction given at trial, Mr. Brown's proffered third degree assault instruction would have directly tested the proposition that Mr. Brown acted purposely by requiring the jury to consider whether he acted

ments may not be the sole way" to rebut the presumption of prejudice which attends the erroneous failure to instruct the jury on a lesser included offense.

recklessly. Mr. Brown's convictions for first degree assault and the corresponding conviction for armed criminal action are reversed, and the case is remanded.

Fischer, C.J., Draper, Wilson, Russell and Stith, JJ., concur. Powell, J., not participating.

5. Because this Court holds the trial court committed reversible instructional error, it is unnecessary to address Mr. Brown's remaining two points.