

# Missouri Court of Appeals

### Southern District

### Division Two

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD36175
)
SPENSER A. FARR, ) **Filed: September 29, 2020**
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger

## AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Spenser A. Farr ("Defendant") appeals his convictions after a jury trial of three counts of first-degree statutory sodomy perpetrated against two different children (counts 3, 4, and 5).[1] In finding Defendant guilty of those crimes, the jury declined to convict Defendant of the lesser crime of child molestation in the first degree. Defendant challenges his convictions on the ground that the trial court committed reversible error by refusing to also instruct the jury on the nested, lesser-included offense of child molestation in the second degree.

Because second-degree child molestation is a nested, lesser-included offense of first-degree child molestation, the trial court erred in refusing to give the requested instructions. As to counts 3 and 4, the State correctly argues that the presumed prejudice resulting from

---

[1] The jury found Defendant "not guilty" as to counts 1 and 2.

that error was rebutted because the element of the victim's age was adequately tested by the instructions given to the jury. Because no such testing of the second victim's age occurred in connection with Count 5, the presumption of prejudice was not rebutted, and we must reverse that conviction and remand the case for further proceedings consistent with this opinion.

## Background

Defendant was charged by Amended Information with five counts of statutory sodomy in the first degree. Counts 1 through 4 pertained to J.S. ("Victim 1"). The alleged victim in Count 5 was J.G. ("Victim 2").[2] While both victims testified at trial that they were born just seven days apart in August 2000, the crimes against Victim 2 were alleged to have potentially occurred after Victim 2's twelfth birthday, so the State did not charge Defendant with enhanced statutory sodomy with respect to Victim 2.[3] Thus, the counts at issue were charged as follows:

Count [3] [Enhanced] Statutory Sodomy 1st Degree – Deviate Sexual Intercourse With Person Less Than 12 Years of Age

. . . .

[D]efendant in violation of Section 566.062, RSMo, committed the felony of statutory sodomy in the first degree . . . in that on or between May 1, 2012 and June 30, 2012 . . . [D]efendant for the purpose of arousing or gratifying the sexual desire of [] Defendant, had deviate sexual intercourse with [Victim 1], *who was then less than twelve years old*, by using his hand to stimulate [Victim 1]'s penis.

Count [4] [Enhanced] Statutory Sodomy 1st Degree – Deviate Sexual Intercourse With Person Less Than 12 Years of Age

---

[2] We may refer to Victim 1 and Victim 2 collectively as "Victims" throughout this opinion.

[3] As will be discussed herein, "regular" first-degree statutory sodomy requires deviate sexual intercourse with a child less than 14, while enhanced first-degree statutory sodomy involves a child less than 12. Sections 566.062.1 and .2. Unless otherwise noted, all statutory citations are to RSMo Cum. Supp. 2006. The applicable version of section 566.068 is RSMo 2000.

2

. . . .

[D]efendant in violation of Section 566.062, RSMo, committed the felony of statutory sodomy in the first degree . . . in that on or between May 1, 2012 and June 30, 2012 . . . [D]efendant for the purpose of arousing or gratifying the sexual desire of [] Defendant, had deviate sexual intercourse with [Victim 1], *who was then less than twelve years old*, by inserting his finger into [Victim 1]'s anus.

Count [5] ["Regular"] Statutory Sodomy 1st Degree – Deviate Sexual Intercourse With A Person Less Than 14 Years old

. . . .

[D]efendant in violation of Section 566.062, RSMo, committed the felony of statutory sodomy in the first degree . . . in that on or between February 1, 2012 and September 1, 2012 . . . [D]efendant for the purpose of arousing or gratifying the sexual desire of [] Defendant, had deviate sexual intercourse with [Victim 2], *who was then less than fourteen years old*, by using his hand to stimulate [Victim 2]'s penis.

(Emphasis added.)

During the instructions conference, the trial court indicated that it would tender an instruction on the lesser offense of first-degree child molestation on all counts. Each submitted instruction for first-degree child molestation stated that, if the jury found Defendant was not guilty of first-degree statutory sodomy, then it must consider whether he was guilty of first-degree child molestation against "a child less than fourteen years old[.]" Defendant also requested that the court instruct the jury on second-degree child molestation, which would have required the jury to find that the victims were less than seventeen years old.[4] In response to that request, the State argued:

> Judge, as to the lesser-included of child molestation in the second degree, I don't believe the Court is obligated to give that pursuant to 556.046, specifically [s]ubsection 2 that says, the Court shall not be obligated to

---

[4] Defendant's request that that the trial court also tender instructions on first-degree sexual misconduct, third-degree sexual misconduct, and third-degree assault was refused, but Defendant does not appeal that ruling.

3

charge the jury with respect to an included offense unless there's a basis for a verdict acquitting the person of the offense charged and convicting him of the included offense.

In this case statutory -- or child molestation in the first degree would be the -- would be, I guess, the included offense charged, if you want to call it that. And child molestation would be the included offense. And when comparing the two jury instructions, the only difference is in paragraph third relating to the age of the child.

The uncontroverted evidence in this case is that the dates of birth of the boys were in 2000, and I don't believe there's any basis in the evidence that's been elicited that a jury would find that the victim was more than 14 years old, but less than 17. So I don't think you're obligated to provide that.

The trial court agreed with the State and refused Defendant's request to instruct the jury on second-degree child molestation.

## Standard of Review

We review the trial court's refusal to give a proffered instruction *de novo*.

*State v. Jackson*, 433 S.W.3d 390, 395 (Mo. banc 2014).

## Analysis

Despite the different age alleged in Count 5, each of Defendant's points claims:

The trial court erred in refusing to instruct the jury on child molestation in the second degree, a nested lesser-included offense of statutory sodomy in the first degree and a dominated lesser-included offense of child molestation in the second degree, for [counts 3, 4, and 5] . . . in that there was a basis in the evidence for an acquittal of the higher offense and a conviction of the lesser offense, and [Defendant] was thereby prejudiced.

Section 556.046 governs the submission of lesser-included offenses and has been interpreted as follows.

Missouri law requires instruction on a lesser included offense when (1) "a party timely requests the instruction;" (2) "there is a basis in the evidence for acquitting the defendant of the charged offense;" and (3) "there is a basis in the evidence for convicting the defendant of the lesser included offense for which the instruction is requested." *State v. Smith*, 522 S.W.3d 221, 225 (Mo. banc 2017) (quoting [*Jackson*], 433 S.W.3d [at 396]). "Doubts

4

concerning whether to instruct on a lesser included offense should be resolved in favor of including the instruction, leaving it to the jury to decide." *Jackson*, 433 S.W.3d at 399 (internal quotation omitted).

***State v. Welch***, 600 S.W.3d 796, 806-07 (Mo. App. E.D. 2020).

Section 556.046.1(1) defines a lesser-included offense as one "established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"  We agree with the parties that second-degree child molestation is a lesser-included offense of first-degree child molestation within the meaning of section 556.046.1(1) as the only difference between the two crimes is the age of the victim.  *Compare* section 566.067.1 (first-degree child molestation requires sexual contact with a child less than 14) *with* section 566.068.1 (second degree child molestation requires sexual contact with a child less than 17).  *See also **State v. Hines***, 377 S.W.3d 648, 657-58 (Mo. App. S.D. 2012) (discussing what constitutes a lesser-included offense).

There is no dispute that Defendant timely requested the instruction, and the State concedes in its brief that there was a basis in the evidence for convicting Defendant of the lesser-included offense of second-degree child molestation as the State presented evidence that Victims were less than 17 years' old.  Thus, the parties' only disagreement is whether there was a basis in the evidence for acquitting Defendant of first-degree child molestation, the immediately-higher included offense.[5]

---

[5] Because the issue here is the refusal to "submit[] an instruction that is more than one step down from the charged offense, there must be a basis in the evidence for acquitting the defendant of the immediately higher-included offense." ***State v. Meine***, 469 S.W.3d 491, 495 (Mo. App. E.D. 2015). The immediately higher offense submitted in this case was first-degree child molestation.

First-degree child molestation occurs when one has sexual contact with a child who is less than 14. Section 566.067.1. In contrast, second-degree child molestation has a higher age limit -- sexual contact with a child who is less than 17. Section 566.068.1.

"For there to be a basis in the evidence to acquit [Defendant] of first-degree [child molestation] and yet convict him of second-degree [child molestation], there must be a basis in the evidence for concluding that the [S]tate failed to prove the one element that separates the two crimes." *See Jackson*, 433 S.W.3d at 396. Here, that differential element is the age of the alleged victim. To prevail, Defendant must show that there was a basis in the evidence for the jury to conclude that Victims were at least 14, but were less than 17 years old. *See id.* at 397.

Victim 1 – the alleged victim in counts 3 and 4 – testified at trial that he was born in August 2000. If true, that would have made him eleven years old at the time of the charged events.[6] The State also introduced a picture of Victim 1 taken in February 2012, a few months before the earliest range of the charged conduct.

Victim 2 – the alleged victim in Count 5 – testified at trial that he was also born in August 2000. If believed by the jury, that would have made Victim 2 eleven or twelve years old at the time of the charged conduct.[7] The State also introduced a May 2012 photograph of Victim 2, a date within the charged range.

Defendant argues that, because the jury can disbelieve all, some, or none of the evidence, it could have disbelieved Victims' testimony about their ages and

---

[6] With respect to Victim 1, the State alleged that the charged events occurred between May 1, 2012, and June 30, 2012.

[7] With respect to Victim 2, the State alleged that charged events occurred between February 1, 2012 and September 1, 2012.

6

believed them to be older than 13 but not yet 17, thereby making it possible to convict Defendant of second-degree child molestation instead of first-degree statutory sodomy or first-degree child molestation.

The State's position is that, while there was a basis in the evidence to *convict* Defendant of second-degree child molestation (because the evidence supported a finding that Victims were *less than 17* years of age), there was no basis in the evidence to *acquit* Defendant of child molestation in the first-degree – the immediately higher offense – because there was no basis in the evidence to conclude that Victims were 14, 15, or 16 years old at the time of the charged offenses. We disagree.

The State's argument is inconsistent with **Jackson**, which reminds us that

> the jury's right to disbelieve all or any part of the evidence, and its right to refuse to draw any needed inference, is a sufficient basis in the evidence to justify giving any lesser included offense instruction when the offenses are separated only by one differential element for which the state bears the burden of proof.

433 S.W.3d at 401.

As earlier noted, the differential element separating first-degree and second-degree child molestation is the age of the victim, an element that the State bore the burden of proving. **State v. Balbirnie**, 541 S.W.3d 702, 713 (Mo. App. W.D. 2018). Thus, although the jury was free to believe Victims' testimony about their respective dates of birth, the jury also had the opportunity to view them in person at trial – as well as view photographs of them allegedly taken around the time of the charged conduct – and the jury was equally free to disbelieve Victims' testimony and conclude that they were older.

7

While the State argues that merely disbelieving the State's evidence did not provide a basis for concluding that Victims were 14, 15, or 16 at the time of the offenses, Defendant was not obligated to introduce affirmative evidence of their age or present other evidence that might cast doubt upon the State's evidence to be entitled to an instruction on the nested, lesser-included offense. *Jackson*, 433 S.W.3d at 401-02. Rather, there is almost always a basis in the evidence to acquit a defendant of the immediately higher-included offense because of the jury's right to disbelieve all, some, or none of the evidence presented in a particular case. *Meine*, 469 S.W.3d at 495; *Jackson*, 433 S.W.3d at 399.

In other words:

> No matter how strong, airtight, inescapable, or even absolutely certain the evidence and inferences in support of the differential element may seem to judges and lawyers, no evidence *ever* proves an element of a criminal case until all 12 jurors believe it, and no inference *ever* is drawn in a criminal case until all 12 jurors draw it.

*Jackson*, 433 S.W.3d at 399-400.

Thus, the evidence supported an instruction on second-degree child molestation, and the trial court erred in refusing to give it. However, the fact that the trial court erred does not end our inquiry; Defendant must also demonstrate that he was prejudiced by that error.

Defendant is aided in doing so by a presumption that prejudice resulted if the trial court refused to give a properly-requested instruction on a nested, lesser-included offense. *State v. Brown*, 524 S.W.3d 44, 49 (Mo. banc 2017). That said, the presumption of prejudice can be rebutted.[8] *Id.* When, as here, instructions are

---

[8] While our high court stated in *Jackson*, 433 S.W.3d at 395, that the failure to submit a lesser-included nested instruction is always reversible error when the requirements are met, in *Jackson*, the trial court instructed the jury *only* on the charged offense. *Id.* at 394. Here, the trial court also

given for a greater offense and one lesser-included offense, and the defendant is found guilty of the greater offense, and that finding of guilt necessarily rejected the possibility that the victims were older than the charged age at the time of the offense, prejudice does not exist. *See **id.***

*No Prejudice as to Counts 3 and 4*

In counts 3 and 4, Defendant was charged with and convicted of enhanced statutory sodomy in the first degree. That charge required the jury to find that Defendant had deviate sexual intercourse with a child *less than 12*. Section 566.067.2(2). The jury was also instructed on the lesser offense of first-degree child molestation, which would have required the jury to find that Victim 1 was *less than 14*.[9] Because the jury found Defendant guilty of enhanced first-degree statutory sodomy and declined to find him guilty of first-degree child molestation, it specifically rejected the possibility that that Victim 1 was more than eleven years old at the time of the offense.

In ***Becker v. State***, 260 S.W.3d 905, 912 (Mo. App. E.D. 2008), the eastern district of our court noted that "the age element of enhanced first-degree statutory sodomy (a victim under age twelve) necessarily encompasses the age element of first-degree child molestation (a victim under age fourteen) because every person under age twelve is also under age fourteen." *See also **Brown***, 524 S.W.3d at 49-50 (trial court committed prejudicial error when it failed to instruct on third-degree

---

instructed the jury on the lesser offense of first-degree child molestation, thereby allowing us to determine whether Defendant was prejudiced by the error. *See **Brown***, 524 S.W.3d at 49.

[9] It is important to note that, while first-degree child molestation, like first-degree statutory sodomy, has an enhanced punishment when the crime is perpetrated against a child less than twelve, the first-degree child molestation instructions submitted to the jury on counts 3, 4, and 5 all posited "regular" first-degree child molestation, which requires proof that the victim was a child "less than fourteen" years of age. *See* sections 566.067.1 and .2(2).

assault because that instruction would have directly tested the proposition that the defendant acted purposefully by requiring the jury to consider whether he acted recklessly, unlike the second-degree assault instruction that was given).

By finding Defendant guilty of the greater offense of enhanced first-degree statutory sodomy, the age element was adequately tested because the jury necessarily found that Victim 1 was "less than 12." *See Meine*, 469 S.W.3d at 496-97; *State v. Glass*, 136 S.W.3d 496, 515 (Mo. banc 2004) (rejecting the defendant's argument that the jury should have been instructed on involuntary manslaughter as the jury was instructed on first- and second-degree murder and found defendant guilty of first-degree, thereby rejecting the opportunity to find that the defendant did not deliberate).

Here, the jury, given the opportunity to reject the element that Victim 1 was less than 12, did not do so. As a result, the trial court's error in refusing to instruct on child molestation in the second degree did not prejudice Defendant in regard to counts 3 and 4.

*Lack of Prejudice Not Shown as to Count 5*

The State, however, makes no similar, or other, no-prejudice argument regarding Count 5, on which the jury found Defendant guilty of unenhanced, or "regular," first-degree statutory sodomy by having deviate sexual intercourse with Victim 2, a victim who was alleged to be "less than fourteen[.]" On that count, both instructions given to the jury (covering "regular" first-degree statutory sodomy and the lesser offense of first-degree child molestation) alleged the same age element – *less than fourteen*.

Second-degree child molestation requires a finding that the victim was *less than 17.*  Section 566.068.1.  This would therefore have been the only instruction that introduced a different age element for the jury to consider.  **Smith**, 522 S.W.3d at 227-28.  Here, as in **Smith**, if the trial court had submitted an "instruction for [second-degree child molestation, it] would have tested the jury's belief [about Victim's age]."  **Id.** at 228.  Because that instruction was not submitted, the age element was not adequately tested, and the presumption of resulting prejudice suffered by Defendant has not been rebutted.  *See **id.*** at 227-28; **Brown**, 524 S.W.3d at 49.

## Decision

Defendant's convictions on counts 3 and 4 are affirmed.  His conviction on Count 5 is reversed, and the case is remanded for further proceedings consistent with this opinion.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS

11