

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112491 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 21SL-CR03441-01 |
| | ) | |
| RYAN D. COLE, | ) | Honorable Stanley J. Wallach |
| | ) | |
| Appellant. | ) | FILED: January 28, 2025 |

Opinion

Ryan D. Cole (Defendant) appeals from the trial court's judgment following jury convictions on possession of methamphetamine and endangering the welfare of a child in the first-degree. In his sole point on appeal, Defendant argues the trial court erred in refusing to instruct the jury on the statutorily-denominated lesser-included offense of second-degree endangering the welfare of a child. Because Defendant's proffered instruction constitutes a non-nested lesser-included offense that, if submitted, would have required the jury to find Defendant engaged in criminal conduct that differed from the conduct alleged in the greater charged offense, the trial court was not required to give the instruction. Finding no error, we affirm the trial court's judgment.

Background

***The Evidence at Trial***

On January 16, 2021, Officer W.C.[1] followed up on a dispatch call to a Walgreens, where he found Defendant sitting in the driver's seat of a vehicle in the parking lot. A four-year-old Child was in the back seat. Defendant was nervous, fidgeting, and mumbling his words. Following a records check, by stipulation of the parties, Officer W.C. had probable cause to place Defendant under arrest for an unrelated matter.

Officer S.S. arrived on the scene and searched Defendant. Officer S.S. found Defendant had a small baggie containing an off-white powdery substance that later was determined to be 0.183 grams of methamphetamine in his pants pocket. During a custodial interview, Defendant told police that he had picked the baggie up from the ground next to the vehicle. Defendant first denied knowing what was in the baggie, then stated it was "possibly ice," which is slang for methamphetamine. Defendant did not testify at trial.

***Jury Instructions***

The trial court instructed the jury on the charged class D felonies of possession of a controlled substance and first-degree endangering the welfare of a child. Regarding child endangerment, the State's superseding indictment alleged that Defendant possessed methamphetamine in the presence of Child, who was less than seventeen years old. During the jury instruction conference, Defendant requested the trial court instruct the jury on the lesser-included misdemeanor offense of second-degree endangering the welfare of a child. The trial court refused Defendant's proffered instruction.

***Conviction and Sentencing***

---

[1] Names are redacted pursuant to § 509.520, RSMo (Cum. Supp. 2023).

The jury convicted Defendant on both counts. The trial court sentenced Defendant as a prior offender to three years in prison on each count to be served concurrently. The trial court then suspended execution of sentence and placed Defendant on probation for three years. Defendant preserved his claim on appeal in a motion for new trial. This appeal follows.

Standard of Review

"The issue of whether a trial court erroneously rejected a proffered lesser[-]included offense instruction is subject to *de novo* review." *State v. Brown*, 524 S.W.3d 44, 47 (Mo. banc 2017) (citing *State v. Jackson*, 433 S.W.3d 390, 395 (Mo. banc 2014)); *State v. Fowler*, 690 S.W.3d 205, 210 (Mo. App. E.D. 2024) (internal citation omitted). "In order for an appellate court to reverse a criminal case based on a claim of instructional error, a defendant must demonstrate the trial court committed instructional error and that the error was so prejudicial that it deprived him of a fair trial." *Fowler*, 690 S.W.3d at 210 (citing *State v. Sanders*, 522 S.W.3d 212, 215 (Mo. banc 2017)). "[A]n appellate court will affirm the trial court's refusal to give a proffered instruction 'if the trial court was correct for any reason.'" *Id.* (quoting *Sanders*, 522 S.W.3d at 215).

Discussion

Defendant contends the trial court erred by not giving his requested instruction for second-degree child endangerment as a lesser-included offense of first-degree child endangerment because there was a rational basis in the evidence to acquit him of the higher offense and convict him of the lower offense. We disagree.

***The Test for Instructing on a Lesser-Included Offense***

The test for whether a trial court should give a requested instruction on a lesser-included offense is governed by two statutory subsections. A trial court "shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting

3

the person of the offense charged and convicting him or her of the included offense." § 556.046.2, RSMo (Cum. Supp. 2022).[2] Conversely, the trial court "shall be obligated to instruct the jury with respect to a particular included offense only if the instruction is requested and there is a rational basis in the evidence for acquitting the person of the immediately higher included offense and convicting the person of that particular included offense." § 556.046.3, RSMo (Cum. Supp. 2022). The two statutory subsections are viewed interchangeably. *Jackson*, 433 S.W.3d 390 at 396. Only when "a party's proffered instruction involving a nested or non-nested lesser included offense alleges the defendant engaged in the same criminal conduct as alleged in the greater charged offense" do these subsections collectively obligate a trial court to give a lesser-included offense instruction when "three circumstances are met: (1) the party timely requests it; (2) there is a [rational] basis in the evidence for acquitting the defendant of the greater charged offense; and (3) there is a [rational] basis in the evidence for convicting the defendant of the lesser[-]included offense[.]" *Fowler*, 690 S.W.3d at 213–214 (citing *Brown*, 524 S.W.3d at 47; *Jackson*, 433 S.W.3d at 395–96) (interpreting § 556.046[3] before the word "rational" was added); *see also Sanders*, 522 S.W.3d at 216 (quoting *Jackson*, 544 S.W.3d at 396). "[W]hen a party's proffered instruction involving a nested or non-nested lesser[-]included offense alleges the defendant engaged in criminal conduct which impermissibly deviates from that alleged in the greater charged offense, a trial court is not required to give such proffered instruction and does not err in refusing to submit it." *Fowler*, 690 S.W.3d at 214 (citing *Sanders*, 522 S.W.3d at 218; *State v. Collins*, 154 S.W.3d 486, 495 (Mo. App. W.D. 2005) (holding the

---

[2] We note that the legislature added the term "rational" in 2022. Although the underlying offenses here occurred in 2021, the amendment went into effect by the time of trial in 2023 when Defendant requested his lesser-included offense instruction. Defendant specifically referred to the "rational basis" test in his motion for new trial. On appeal, the parties do not dispute that the trial court applied the "rational basis" test when denying Defendant's proffered instruction and do not ask this Court to consider otherwise.
[3] All statutory references are to RSMo (2016), unless otherwise noted.

trial court did not err in refusing to give the defendant's proffered fourth-degree assault instruction because it alleged he engaged in criminal conduct—"throwing his gun on the ground"—that impermissibly deviated from the manner of conduct—"sho[oting] at" the officer—alleged in the greater charged offense of first-degree assault)). "Doubt as to whether to instruct on the lesser-included offense is resolved in favor of giving the lesser-included offense instruction." *McNeal v. State*, 412 S.W.3d 886, 890 (Mo. banc 2013) (internal citation omitted).

***Nested and Non-Nested Offenses***

Depending on the particular facts and charges in the case, whether a lesser-included offense is categorized as nested or non-nested may impact the analysis of the jury instructions. *See Fowler*, 690 S.W.3d at 212–14 (internal citations omitted). "A nested lesser[-]included offense consists of a subset of the elements of the greater [charged] offense, rendering it impossible to commit the greater without necessarily committing the nested lesser included offense." *Id.* at 210 (quoting *Brown*, 524 S.W.3d at 47) (alteration in source). "In contrast, a non-nested lesser[-]included offense is one which is specifically denominated as a lesser included offense by statute, but its elements do not consist of a subset of the elements of the greater charged offense, and, therefore, it is possible to commit the greater without necessarily committing the non-nested lesser included offense." *Id.* at 211 (citing *Brown*, 524 S.W.3d at 47).

When the requested lesser-included offense instruction alleges the same criminal conduct as the higher offense, a trial court applies the "rational basis" test to determine whether there is evidence from which the jury could find that all the elements of the lesser-included offense instruction have been met. *See* § 556.046.2–3, RSMo (Cum. Supp. 2022). If a non-nested lesser-included offense contains elements not found in the higher offense, however, a trial court

does not err by refusing an instruction where there is no evidence in support of those additional elements. *See id.*; *Sanders*, 522 S.W.3d at 216 (citing *Jackson*, 433 S.W.3d at 401–02).

***The Trial Court Was Not Required to Submit Defendant's Requested Non-Nested Lesser-Included Offense Instruction***

The greater charged offense with which Defendant was tried and convicted was the felony offense of endangering the welfare of a child in the first degree. A person commits that felony offense if he or she:

> (1) Knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years of age; or
> (2) Knowingly engages in sexual conduct with a person under the age of seventeen years over whom the person is a parent, guardian, or otherwise charged with the care and custody;
> (3) Knowingly encourages, aids or causes a child less than seventeen years of age to engage in any conduct which violates the provisions of chapter 579;
> (4*) In the presence of a child less than seventeen years of age* or in a residence where a child less than seventeen years of age resides, unlawfully manufactures or attempts to manufacture compounds, ***possesses,*** produces, prepares, sells, transports, tests or analyzes amphetamine or ***methamphetamine*** or any of their analogues.

§ 568.045.1 (emphases added). Here, the jury was instructed to find Defendant guilty of the offense as charged under subsection (4) if it found Defendant knowingly committed the offense of possession of methamphetamine and did so in the presence of Child. *See* § 568.045.1(4). Relatedly, the jury was instructed to find Defendant guilty of the separate offense of possession of a controlled substance if it found he knew the nature of the methamphetamine. *See State v. Gehring*, 599 S.W.3d 526, 530 (Mo. App. W.D. 2020) (internal quotation omitted) ("A person possesses a controlled substance if 'with the knowledge of the presence and nature of a substance, [he] has actual or constructive possession of the substance.'").

Defendant proffered a jury instruction for the non-nested misdemeanor offense of endangering the welfare of a child in the second degree, which is specifically denominated by

6

statute as a lesser-included offense of the first-degree offense. *See* § 556.046.1(2), RSMo (Cum. Supp. 2022) (providing that a lesser-included offense includes those offenses "specifically denominated by statute as a lesser degree of the offense charged"); §§ 568.045, .050. A person commits the misdemeanor offense of endangering the welfare of a child in the second degree if he or she:

> (1) ***With criminal negligence acts in a manner that creates a substantial risk to the life, body or health of a child less than seventeen years of age***; or
> (2) Knowingly encourages, aids or causes a child less than seventeen years of age to engage in any conduct which causes or tends to cause the child to come within the provisions of paragraph (d) of subdivision (2) of subsection 1 or subdivision (3) of subsection 1 of [§] 211.031; or
> (3) Being a parent, guardian or other person legally charged with the care or custody of a child less than seventeen years of age, recklessly fails or refuses to exercise reasonable diligence in the care or control of such child to prevent him or her from coming within the provisions of paragraph (c) of subdivision (1) of subsection 1 or paragraph (d) of subdivision (2) of subsection 1 or subdivision (3) of subsection 1 of [§] 211.031; or
> (4) Knowingly encourages, aids or causes a child less than seventeen years of age to enter into any room, building or other structure which is a public nuisance as defined in [§] 579.105.

§ 568.050.1 (emphasis added). Defendant requested that the trial court instruct the jury to find Defendant guilty of this second-degree offense if he possessed methamphetamine and, in so doing, acted with criminal negligence to create a substantial risk to the health of Child. *See* § 568.050.1(1).

In this case, both the greater charged offense and the proposed lesser-included offense alleged Defendant's possession of methamphetamine. The misdemeanor offense of endangering the welfare of a child in the second degree is a non-nested lesser-included offense of the first-degree offense because each contains elements not found in the other. *See* §§ 568.045, .050; *Fowler*, 690 S.W.3d at 210–11. Specifically, for the first-degree offense as charged here, the State only needed to prove that Defendant knowingly possessed methamphetamine in Child's

7

presence; for the second-degree offense, the State was required to prove a different element that by possessing methamphetamine in Child's presence, Defendant, acting with criminal negligence, created a substantial risk to Child's health. *See* §§ 568.045.1(4), .050.1(1). When proffering his lesser-included offense instruction to the trial court, Defendant acknowledged that second-degree child endangerment was not a nested lesser-included offense in the case, but he nonetheless maintained the instruction was warranted because submission of a felony charge warrants submission on the misdemeanor charge.

Defendant argues the trial court erred by refusing to give the jury his requested second-degree child endangerment instruction because the jury could have found he did not knowingly possess methamphetamine in Child's presence but instead possessed it with criminal negligence. Defendant refers us to Officer S.S.'s testimony that Defendant initially denied knowing the nature of the substance before admitting that the substance found on him was "possibly ice," which Officer S.S. stated in his experience and training was a slang term for methamphetamine. Defendant reasons that the jury's right to disbelieve all or any part of the evidence established a rational basis for the jury to find the State proved only criminal negligence, thereby allowing the jury to acquit him on child endangerment in the first degree and convict him under the second degree.

In so arguing, Defendant fails to address the legal requirement that a proffered lesser-included offense instruction must "allege[] the defendant engaged in the same criminal conduct as alleged in the greater charged offense." *Fowler*, 690 S.W.3d at 214 (citing *Sanders*, 522 S.W.3d at 218; *Collins*, 154 S.W.3d at 495). Here, Defendant's proffered instruction for the lesser-included offense of second-degree child endangerment required the jury to find that his possession of methamphetamine created a substantial risk to Child's health. *See* § 568.050.1(1).

However, in the manner charged by the superseding indictment, the State did not need to prove that Defendant's possession of methamphetamine—by having a small amount in his pocket while he was sitting in the driver's seat of a vehicle in a parking lot—created a substantial risk to Child's health—when Child was in the back seat of the car—in order to secure Defendant's conviction for endangering the welfare of a child in the first-degree. Instead, the State needed to prove only that Defendant possessed methamphetamine in Child's presence. *See* § 568.045.1(4). Indeed, during sentencing, the trial court compared § 568.045.1(4) to a strict liability offense, because it criminalizes possession of a specific drug in the presence of a child without requiring proof that such possession created a risk of harm to the child. Defendant's proffered instruction for the misdemeanor of second-degree endangering the welfare of a child is therefore improper as it requires the jury to find Defendant "engaged in criminal conduct which impermissibly deviates from that alleged in the greater charged offense" of endangering the welfare of a child in the first degree. *See Fowler*, 690 S.W.3d at 214 (citing *Sanders*, 522 S.W.3d at 218; *Collins*, 154 S.W.3d at 495). Defendant cites no authority that possession of methamphetamine under the facts of this case creates a substantial risk to Child's health. Likewise, Defendant identifies nothing in the record as to whether his possession of methamphetamine created even a reasonable inference of a substantial risk to Child's health, which is a required element of his requested lesser-included offense instruction. *See* § 568.050.1(1). Therefore, Defendant has not shown that the trial court erred in refusing his proffered instruction for the lesser included misdemeanor offense. *See* § 556.046, RSMo (Cum. Supp. 2022); *Fowler*, 690 S.W.3d at 210 (citing *Sanders*, 522 S.W.3d at 215). The point is denied.

## Conclusion

The judgment of the trial court is affirmed.

9

_____

Rebeca Navarro-McKelvey, J.

Lisa P. Page, P.J. and
Patricia Breckenridge, Sp. J., concur.