

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD87330** |
| | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | |
| **JOSHUA S. SHACKLEY,** | ) | **September 30, 2025** |
| | ) | |
| **Appellant.** | ) | |
| | ) | |

**Appeal from the Circuit Court of Miller County, Missouri**
**Honorable Kenneth Michael Hayden, Judge**

**Before Division Three: Mark D. Pfeiffer, Presiding Judge,**
**Cynthia L. Martin, Judge, and Janet Sutton, Judge**

Joshua Shackley (Shackley) appeals his convictions for two counts of first-degree statutory sodomy and one count of second-degree child molestation following a jury trial in the Circuit Court of Miller County, Missouri, (trial court). Shackley raises three points on appeal, all claiming that the trial court erred in failing to instruct the jury on the lesser-included offense for each count. We affirm.

**Factual and Procedural Background**

Between February 1, 2022, and June 15, 2022, Victim 1 and Victim 2 lived with their grandmother (Grandmother) and Shackley, their step-grandfather, in Eldon, Missouri. During that time, Victim 1 was twelve years old and Victim 2 was ten years old.[1]

Victim 1 was fourteen years old at the time of trial. Victim 1 testified that, during this time frame, Shackley touched her vagina with his hand on two occasions. She testified that the first time, Shackley entered Victim 1's bedroom at night, put his hand down her pants, and touched her vagina. Victim 1 testified that Shackley also touched her breast underneath her pajama top. Victim 1 also testified that the next night, Shackley entered her bedroom, put his hand down her pants, and inserted a finger into her vagina.

Victim 2 was twelve years old at the time of trial. Victim 2 testified that Shackley made her uncomfortable on multiple occasions during this same time frame, spring and summer 2022. In one instance, Victim 2 testified that Shackley entered her bedroom at night and touched her chest under her clothing. Victim 2 testified that a few days later, Shackley entered her bedroom at night, put his hand down her pajama bottoms but over her underwear, and touched her vagina.

In June 2022, Grandmother learned from a friend that "something" might have happened between Victim 1 and Shackley. Grandmother questioned both victims who confirmed that sexual incidents had occurred with Shackley. Grandmother notified law enforcement, and both victims confirmed the incidents to police officers. A detective with the Eldon Police Department interviewed Shackley and he admitted that the incidents occurred, but waivered on whether they were intentional or not.

---

[1] Testimony as to the victims' birthdates established their ages at the time of the offenses. In compliance with section 509.520.1(8), RSMo Cum Supp. 2023, the victims' birthdates are excluded from this opinion.

The State charged Shackley with one count of first-degree statutory sodomy under section 566.062 for having deviate sexual intercourse with Victim 1 by touching the surface of Victim 1's genitals with his hand when she was less than fourteen years old (Count I); one count of first-degree statutory sodomy under section 566.062 for having deviate sexual intercourse by touching Victim 1's genitals with his hand by inserting his finger when she was less than fourteen years old (Count II); one count of first-degree statutory sodomy under section 566.062 for having deviate sexual intercourse by touching Victim 2's genitals with his hand when she was less than twelve years old, and, charged in the alternative, one count of second-degree child molestation under section 566.068 for subjecting Victim 2 to sexual contact by touching Victim 2's genitals through the clothing when she was less than twelve years old (Count III); and one count of second-degree child molestation under section 566.068 for subjecting Victim 2 to sexual contact by touching Victim 2's breast with his hand when she was less than twelve years old (Count IV).[2]

At trial, defense counsel requested lesser-included offense instructions for each count. For Counts I and II, defense counsel requested instructions for second-degree statutory sodomy with the verdict director including the elements "that at that time [Victim 1] was a child less than seventeen years of age" and "[Shackley] was twenty-one years of age or older[.]" For Count III, defense counsel requested an instruction for fourth-degree child molestation with the verdict director including the elements "that [Victim 2] was a child less than seventeen years of age" and "[Shackley] was more than four years older than [Victim 2]."[3] Defense counsel argued that

---

[2] RSMo (2016), as supplemented through the date of Shackley's offense.

[3] On Count III, which had been charged in the alternative, the State chose to submit as second-degree child molestation, not first-degree statutory sodomy.

under section 556.046 "if an offense is charged, [and] has degrees, that lower degree is by statute a lesser[-]included of a higher offense[.]" In response, the State argued that including the instructions for the lesser-included offenses under section 556.046 was not proper "because the proposed lesser includes the additional element that the perpetrator be found to be a person over the age [of twenty-one]."[4]

The trial court rejected the proposed jury instructions for the lesser-included offenses, explaining "it's not a true lesser because . . . the lesser [defense counsel] submit[ed] requires proof of an additional element that's not in the greater offense." The trial court noted that:

> [T]he evidence could potentially support a conviction under the lesser. . . . But this is one of those situations where if a factual scenario supports the giving of two instructions, either of which could be satisfied by the same evidence, [the trial court's] understanding of the case law is that election is just that. It's an election at the State's choice, not Defendant's choice.

The jury found Shackley guilty of Counts I, II, and III and not guilty of Count IV. The trial court sentenced Shackley as a prior and persistent felony offender to consecutive life terms for Counts I and II and thirty years for Count III, with that sentence to run concurrent with the two life sentences.

Shackley appeals. Additional facts relevant to the disposition of the appeal are included below as we discuss Shackley's three points on appeal.

---

[4] RSMo Cum Supp. 2022. As indicated *infra,* section 556.046 was amended in 2022. Section 1.160 provides that the "trial and punishment of" criminal offenses that were "commenced or pending previous to or at the time when any statutory provision is repealed or amended . . . shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing *procedural* laws." RSMo (2016) (emphasis added). The Supreme Court of Missouri in *State v. Jackson*, 433 S.W.3d 390, 395 n.3 (Mo. banc 2014), noted that section 556.046 was a procedural statute.

**Standard of Review**

"The issue of whether a trial court erroneously rejected a proffered lesser[-]included offense instruction is subject to *de novo* review." *State v. Cole*, 705 S.W.3d 737, 739 (Mo. App. E.D. 2025) (citing *State v. Brown*, 524 S.W.3d 44, 47 (Mo. banc 2017)). "[T]o reverse a criminal case based on a claim of instructional error, a defendant must demonstrate the trial court committed instructional error and that the error was so prejudicial that it deprived him of a fair trial." *Id.* at 740 (citation omitted). We will affirm the trial court's refusal to give a proffered instruction "if the trial court was correct for any reason." *Id.* (quoting *State v. Sanders*, 522 S.W.3d 212, 215 (Mo. banc 2017)).

**Analysis**

Shackley does not challenge the sufficiency of the evidence. In his three points on appeal, Shackley argues that the trial court erred in refusing to instruct the jury on the lesser-included offenses for Counts I, II, and III because there was a rational basis in the evidence for an acquittal of the greater charged offense and a conviction for the lesser-included offense and, that he was prejudiced. As the same analysis applies to all three points, we address them together.

Section 556.046.1 provides, in relevant part, that "[a] person may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when: . . . [i]t is specifically denominated by statute as a lesser degree of the offense charged[.]" § 556.046.1(2). "[I]f the offense has degrees, the lower degree is by statute a lesser-included offense of the higher." *State v. Hedges*, 649 S.W.3d 93, 105 (Mo. App. W.D. 2022). In this case, second-degree statutory sodomy is a lesser-included offense of first-degree statutory sodomy because it is specifically denominated by statute as a lesser degree of the charged

5

offense. *See id.*; §§ 566.062, 566.064. Similarly, fourth-degree child molestation is a lesser-included offense of second-degree child molestation because the former is specifically denominated by statute as a lesser degree of the charged offense. *See id.*; §§ 566.068, 566.071.

Section 556.046.2 further instructs that a trial court "shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the person of the offense charged and convicting him or her of the included offense." § 556.046.2. Conversely, the trial court "shall be obligated to instruct the jury with respect to a particular included offense only if the instruction is requested and there is a rational basis in the evidence for acquitting the person of the immediately higher included offense and convicting the person of that particular included offense." § 556.046.3. *See Cole*, 705 S.W.3d at 740 (explaining the two statutory subsections govern the test for whether a trial court should give a requested instruction on lesser-included offenses and are viewed interchangeably). Collectively, these two subsections require a trial court to give the proffered instruction for a nested or non-nested lesser-included offense, which alleges the defendant engaged in the same criminal conduct as alleged in the greater charged offense, when: "(1) the party timely requests it; (2) there is a [rational] basis in the evidence for acquitting the defendant of the greater charged offense; and (3) there is a [rational] basis in the evidence for convicting the defendant of the lesser[-]included offense[.]" *Id.* (quoting *State v. Fowler*, 690 S.W.3d 205, 213-14 (Mo. App. E.D. 2024)).

Here, Shackley's proffered instructions allege he engaged in the same criminal conduct as alleged in the greater charged offense. The difference between the greater charged offenses and lesser-included offenses is the age range of the victims and Shackley's age. The jury was instructed to find Shackley guilty of first-degree statutory sodomy as to Count I if he "knowingly had deviate sexual intercourse with [Victim 1], by touching [Victim 1]'s genitals with his hand

6

on the surface only, and . . . that [Victim 1] was a child *less than fourteen years old*[.]"
(emphasis added). For Count II, the jury was instructed to find Shackley guilty of first-degree
statutory sodomy if he "knowingly had deviate sexual intercourse with [Victim 1], by touching
[Victim 1]'s genitals with his hand by inserting his finger therein, and . . . that at that time
[Victim 1] was a child *less than fourteen years old*[.]" (emphasis added). However, Shackley's
proffered instructions for Counts I and II required the jury to determine whether Shackley
knowingly had deviate sexual intercourse with Victim 1 by touching Victim 1's genitals with his
hand on the surface or by inserting his finger therein, and "that at that time [Victim 1] was a child
*less than seventeen years of age*, and . . . [Shackley] was *twenty-one years of age or older*[.]"
(emphasis added).

For Count III, the jury was instructed to find Shackley guilty of second-degree child
molestation if he "touched the genitals of [Victim 2] through the clothing, . . . that [Shackley] did
so for the purpose of arousing or gratifying [Shackley's] sexual desire, and . . . that [Victim 2]
was a child *less than twelve years of age*[.]" (emphasis added). In contrast, Shackley's proffered
instruction required the jury to determine whether he touched Victim 2's genitals through the
clothing, for the purpose of arousing or gratifying his sexual desire, that Victim 2 "was a child
*less than seventeen years of age*," and that "[Shackley] was *more than four years older than*
[Victim 2]." (emphasis added).

Upon comparing the jury instructions for the greater charged offenses and Shackley's
proffered instructions for the lesser-included offenses, it is evident that the underlying conduct is
identical. Because the only difference between the greater charged offenses and lesser offenses
is the age of the defendant and the victims, our analysis hinges on whether there was a rational
basis for the jury to conclude that Victim 1 was at least fourteen, but less than seventeen years

old, for Counts I and II, and that Victim 2 was at least twelve, but less than seventeen years old, for Count III.

In regard to the victims' ages, the following evidence was adduced at trial. Victim 1 testified that she was twelve years old in the spring and summer of 2022 and fourteen at the time of trial in May 2024. Grandmother testified that Victim 1 was either twelve or thirteen years old between February 2022 and June 2022. Accordingly, the evidence supports that Victim 1 was "less than fourteen years old," as required by section 566.062.1, at the time of the offenses which occurred between February 2022 and June 2022.

Victim 2 testified that she was ten years old in the spring and summer of 2022. She further testified that she was twelve years old at the time of trial in May 2024, approximately two years after the offenses occurred. Grandmother testified that Victim 2 was either ten or eleven years old between February 2022 and June 2022. Thus, the evidence established that Victim 2 was a "child who [wa]s less than twelve years of age" from February 2022 to June 2022 to satisfy section 566.068.1(1). In sum, there was sufficient evidence that both victims' ages satisfied the age elements in the charged offenses. There was no contradictory evidence produced that either victim might have been older. Therefore, there was no "rational basis" for the jury to acquit Shackley of the greater charged offenses and convict him of the lesser-included offenses based on a finding that the victims were actually older than the maximum age required by the relevant statutes.

Last, we note that Shackley's argument is misplaced as he relies on the 2017 version of section 556.046, and accompanying case law, throughout his argument.[5] The version on which

---

[5] Cases that pre-date the 2022 amendment of section 556.046 are not applicable to our analysis as the standard to be applied in analyzing whether to give a lesser included offense instruction was changed by the legislature in the amendment. *See, e.g.*, *State v. Farr*, 611 S.W.3d 878 (Mo. App. S.D. 2020).

Shackley relies required trial courts to give a lesser-included instruction only if there was a "basis in the evidence for acquitting the person of the immediately higher included offense and there is a basis in the evidence for convicting the person of that particular included offense." § 556.046.3 (2017). In 2022, the legislature added the term "rational" to now require trial courts to apply the "rational basis" test when determining whether proffered instructions should be given. *Cole*, 705 S.W.3d at 740 n.2. Based on our analysis *supra*, the trial court did not err in refusing Shackley's request to instruct the jury on the lesser-included offenses for Counts I, II, and III because there was no rational basis for a jury to acquit Shackley of the greater charged offenses and convict him of the lesser-included offenses under section 556.046.

Points I, II, and III are denied.

## Conclusion

The trial court's judgment is affirmed.

_____
Janet Sutton, Judge

Mark D. Pfeiffer, P.J., and Cynthia L. Martin, J. concur.